**947-15**

NO. 14-14-00885-CR

IN THE COURT OF CRIMINAL APPEAL

JUDICIAL DISTRICT OF AUSTIN TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 0 8 2015

Abel Acosta, Clerk

**ORIGINAL**

NO. 1423099

IN THE 183rd DISTRICT COURT OF

HARRIS COUNTY, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

LUTHER  KARL  FERGUSON  APPELLANT,

V.

THE  STATE  OF  TEXAS  APPELLEE,

PETITION  FOR  DISCRETIONARY  REVIEW

[ PRO. SE ]

AFFIRMED AND MEMORANDUM OPINION FILED JULY 9th. 2015

FOURTEENTH COURT OF APPEAL.

DEVON ANDERSON
DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

ALAN CURRY
JOSEPH SANCHEZ
ALYCIA HARVEY
ASSISTANT DISTRICT ATT

MICHAEL Herrin
STUDENT INTERN

HARRIS COUNTY, TEXAS
1200 FRANKLIN SUITE 600
HOUSTON, TX. 77002

I

# TABLE OF AUTHORITIES

CASES: WARD V. 787 (Tex crim App 1992).

JACKSON V. VIRGINIA 443 U.S 307,319 99SCT. 2781,2789,61 Ed 2d 560 (1979)

Narvaiz V. STATE 840 S.W 2d 415, 423(Tex crim App 1992)
Inrewinship 397 U.S 358,364, 90 SCT1068, 1072, 72, 25 Led 2d 368(1970).

Thomson v. Lovisville 362 U.S 199, 80 SCT 624 4 Led 2d 654.

Moreno V State 755 S.W 2d 866,867.

Davila v. State 547 S.W2d 606,608(Tex Crim App 1977)

Hadden v State 829 S.W 2d 838 (1992)

Cannon v. State 546 S.W. 2d 266(1977)

Leonard L Martinez 304 S.W. 3d 642 (Tex Crim App 2010)

Ex rel holmes v. Third 885 S.W. 2d 389,397(Tex Crim App (1994)

Ex part Sadberry v. State 864 S.W. 541, 542 (Tex Crim App 1993)

Ex parte Goodman V .State 816 S.W.2d 383,385 (Tex Crim App1991)
Willerso v. State 927 S.W.2d 112 (Tex Crim App 1996)


## STATUTIES:

TEX. PENAL CODE. 30.02 (A)(1) WEST SUPP 2013)      TEX. PENAL CODE 31.01

TEX. PENAL CODE 12.33                CONSTITUTION 1. sec. 1.09

## RULES.

TEX . R APP P. 44.29                ART. 21.02

TEX. R.APP P.  202(k)                ART 28.10, 28.11

TEX. R,APP P.81(C)

TEX.R.APP 66.2

TEX. R.OF EVIDENCE 1103 (B) 3.02, 3.05

# TABLE-OF CONTENTS.

STATEMENT REGARDING ORAL ORAL ARUMENT------------------------------------------II

IDENTIFICATION OF THE PARTIES ---------------------------------------------II

TABLE OF CONTENTS ---------------------------------------------------------III

TABLE OF AUTORITIES -------------------------------------------------------IV

STATEMENT OF THE CASE -----------------------------------------------------3

STATEMENT OF THE FACTS ----------------------------===----------------------3

REPLY TO APPELLANT,S SOLE POINT OF ERROR-----------------------------------4

I.) THE EVIDENCE IS INSUFFICENT TO SHO BEYOND A REASONABLE DOUBT THAT APPELL
   ANT COMMITTED BURGLARY OF HABITATION WITH INTENT TO COMMIT THEGT.

1. THAT THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE VERDICT.

2. THAT THE TEX PENAL CODE ANN. 30.02(a)(1). IS NOT ALLEGES THAT THE INDICTMENT
   IS DEFECTIVE IN TWO RESPECTS: 1). THAT BOTH A FELONY AND A THEFT MUST BE ALL
   EGED IN THE INDICTMENT: 2.)that the elements of the offense were alleged in
   a different order from that found in th statute.

3. TWO EYEWITNESSES POSITIVELY IDENTIFIED.

4. AMENDING INDICTMENT, CHANGE OF NAME JASON WALKER TO WILLIAM EDWARD GARCIA,
   TO WILLIAM GARCIA.

5. DENIAL OF FUNDEMENTAL CONSTITUTION RIGHTS.

6. JURISDICTION DEFECT.

7. STATE JAIL FELONY ENHANCED.

CONCLUSION-------------------------------------------------------------13

PRAYER FOR RELIFE------------------------------------------------------14.

COURT OF CRIMINAL APPEALS OF AUSTIN


LURTER CARL FERGUSON, APPELLANT.

VS.

THE STATE OF TEXAS, APPELLEE.


No.14-14-00885-CR

April 1. 2015 Brief Filed.

July 9. 2015 Affirmed and Memorendum opinion.
In The Fourteenth,Court of Appeals


On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No.1423099

PETITION FOR DISCRETIONARY REVIEW


Appellant was charged by indictment with burglary of a habitation with intent to commit theft,enhanced by two prior felony convictions. Appellant pled"True" to the two enhancement allegations in the indictment,and the trial judge sent - enced appellant to 45 years confinement in the Texas Department of Corrections. The court of Fourteenth Court of Appeals overruled appellant's sole point of - error, challenging the conviction.


## I. Background

Affirmed and Memorandum Opinion filed July 9, 2015.

Appellant was convicted of burglarizing William Garcia,s house. on the day of the offense, Myra Juarez, Garcia neighbor, witnessed appellant coming out of Gar cia,s house wearing a "Yellowish- greenish" safety vest. She saw appellant carry ing a small appliance to a green truck that was park in Garcia,s driveway. Jua- rez.

1.

took a picture of appellant on her cell phone because she had not seen appellant or his truck in the neighborhood before. Juarez observed appellant go back into Garcia,s house once more before calling her neighbor, Kathy Perez. Perez is a member of the neighborhood board/associate. Juarez called Perez and sent the pictures to her.

When Perez received the pictures she looked outside and also noticed the truck that she had not seen in the neighborhood before. Perez called "Jason Walker", the the neighborhood security guard, and asked him to investigate the suspicios activity. After contacting "Walker," Perez walked outside and saw appellant driving the truck away. Perez was still on the phone with Walker and gave hime a description of the truck and driver. Perez followed appellant in her own vehicle unit - Walker could catch up. Perez identified appellant as the person she had seen fleeing from Garia,s house.

When Walker received the photos he drove to the area where Perez reported seeing appellant. Walker followed appellant to a commercial area where appellant lost control of his vehicle, and "Hit a Light Pole". After the accident, appellant jumped out of the vehicle and started to run away. Perez saw appellant hiding in the the bushes and told Walker where to find him. Walker testified that as appellant was running away he had the safety vest in his hand. Walker eventually detained appellant, and held him until Harris County Sheriff,s deputies arrived. Walker was unable to identify appellant in person, but identified a photo of appellant as the person he apprehended.

When Harris County Sheriff,s deputy Ken Price arrive on the scene, he asked appellant for identification. Appellant identified himself as Luther Ferguson.

Garia testified that as he drove home that day he saw Perez and Walker standing next to a truck on the side of the road. When he arrived home he saw that his home had been burglarized. Thinking that Walker may have caught the burglar, Garcia

2.

drove back to the area where he had seen Walker with the truck. Garcia looked in the bed of the truck and recognized Televison identified the iteams: Television set,a jar with coins, a microwave,a stereo and his children,s shoes. Garcia identified the items as having been stolen from his house.

A Jury convicted appellant of burglary of a habition and the trial court assessed punishment at confinement for 45 years in the Institutional Division of the Texas Department of Criminal Justice.

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE.

Appellant was charged by indictment with burglary of a haditation with intent to commit theft,enhanced by two prior felony convictions. (CR at 6); see also (CR at 14) (Amended indicment). Appellant,s case was heard by a jury on October 20, 2014, and the jury found Appellant guilty of the charged offense (CR at 99); see also (RR IVat 113-15). During the punishment phase, the trial court sentenced appellant to fortyfive years confinement in the Texas Department of Criminal Justice (CR at 100; RR V at 34). The court certified appellant,s right to appeal,and appellant filed a timely notice of appeal (CR at104,106).

## STATEMENT OF FACTS.

On September 30, 2013 at around 2:30 p.m., Luther C. Ferguson who an said date, September 30, 2013 went with a friend Roy Jones cell phone# 713-283-3783 who also came to court on Cause No: 40324301010. Charge: Burglary of a Habitation. 183 ed District Court of Harris County Texas. Veiw: (ORDER APPOINTING COUNSEL) She ek. (Marked);, EHIBIT:"A" Dated Oct 3, 2013 three days after my arrest 9-30-13 Appellant lawyer: Silvia Pubchara - Attorney at trial. And spoke with attorney about the date 30, Setember 2013, left word he put 100.00 on my books. Also a 2 light bill (Pink slip notices .) Cut - off Monday morning at 8:45 p.m. Veiw Beverly Ferguson at 832- 322-4729 ask for Beverly Ferguson. Who can state: I went help him move from his sister house.

3.

Veiw This(HEARING REPORT (CONT.) Sheet. Mark: EXHIBIT.(B). Also he contended - that no culpable mental state was alleged. His lawyer knew what he was charged with and a co- defended was involve. And his"Mental"Health conditions: Bipolar I REC MIX, SEV, W/PSY. ANTISSOCIAL PERSONALITY, IMPULSE_CONTROL DISORDER. Which the court of 183rd knew my mental health conditions, and did violated the mental health conditions of"ferguson". Veiw: TEXANA CENTER

4910 Airport Avenue, BLdg. A
Rosenderg, TX 77471
281-342-6384
Fax: 281-232-4312

January 10, 2014.

Send To: Silvia Pubchara
12 Greenway Plaza, Ste 1100
Houston, TX 77046

Please veiw: EXHIBIT .(C)

Hx of Hospitalization(s) #3 date last Hospitalized:2003-2004-2005... Slow/Retarded.Lay inside of my folder,and the court,and DA,and Judge,and lawyer knew about.

## II. SUFFICIENCY OF THE EVIDENCE

In a single issue appellant argues the evidence was insufficient to prove beyond a reasonable doubt that appellant knowingly and intentionally commited the Burglary.

A. Standard of Review:

Myra Juarez a neighbor next-door of Complaint Jason Walker, 9-30-13. which i have in my present, and i;ve,va been indicted aVeiw.EXHIBIT(D) Ass ,D.A.#24057461. Complant; and indictment date:12-2.-13. Nevever did the court"Amended"either one(Complaint)two.(Indictment) 12-2-13,and three. (Indictment)change to William Edward Garcia. 4-3-2014.  On 4-3-14 8.30a.m. Case Rest From. Type of setting: "JURY TRIAL". The court staff use"only": []. Never did the court or D.A. states; D.A TO REINDICT [] Remains uncheck. Veiw .EXHIBIT(C),(D). And never Amended. Appellant argues the offense of burglary of a habitation as to who the habitation owener is. See: EXHIBIT,A,B,C,D, E, K. (E= Exhibits will show case # 1423099. [Case Reset From]. s 10-15-14.and Jury Trial (Pick Jury) 10-16-14,and 10-17 14.

4.

Type of setting: ARR. were Judge: Vanessa Velasquez stated: I,am making this not ice of change in this Indictment : 1423099."Change" Williams Edward Garica strie king out "EDWARD",and inital her first letters of her name under the striking - out of EDWARD Middle name. Amending the indictment her self,and Stated:[ THIS MY COURT ROOM, DA.,AND DEFENDANT"ALL"BE READY FOR TRIAL MONDAY 10-20-14.....

Appellant states: The trial Judge proceeded to trial on Merits. Indictment 14230 99(William Edward Garcia). In this case this ORIGINAL ,UNMODIFED INDICTMENT rema ined in"full force and effect."Appellant never receive any amendment of the Judg es Indictment that change from William Edward Garcia to William Garcia...

Appellant sole point of error,and evidence is sufficient to show beyond a reason able doubt that appellant committed burglary of habitation (Who,s)??.

Appellant exit the front door of said: "Garcia are Jason Walker'", (RR IV at 13-14). Appellant carrying an object that appeared to her to be a small household - appliance.

Veiwing(RR IV at 13-14 computer-generated document has a word count of 1,708 wo rds,based upon the representation provided by the word processing that was used to create the document. Tex.R.App. P.9.4(i).

(RR IV at20-21) Ms. Juarez immediately stated: she went inside her house and to ok "Photos" of Appellant,s activities with her cell phone,s camera. (RR IV at 16 see also (RR VI at 4-11),and(State,s Exhibits1-4).

Court of Appeals: Photos took never show Appellant"Entry" William Edward Garica or Jason Walker, or Williams Garica front door.

2nd. Appellant was never Photo carrying house object of small household applian ce.

3rd. A photo of me standing by a green pick on the passager side waiting on Roy Jones who had paid me to help him move his stuff ou of his sister house. Witness,and Speculation].

Juarez observed appellant go back int Garcia,s or Jason Walker or William Edward Garcia house more before calling her neighbor.

Witness. Speculation ? call 911,and not your neighbor Perez.

5.

Calling Kathy Perez. Neighborhood board and Juarez thought Perez would know how to contact the neighborhood security guard."Jason Walker"(RR IV at 4-11)(State,s exhhibits 1-4). 4th. Apellant is still on the side of a greeb truck. Picture taken by Juarez.(RR IVat16). Perez walked outside of thr house and after not recognizing Appellant,s truck,and contacted the homeowner association security officer Jason Walker, to have him investigate Appellant activity. (RR IV at30-31).6th.Appellant. Let the record show who "Jason Walker" is The Complaint, Appellant has beunder,and Indicted under 12-2-13 as the homeower. 7t h. Appellant also was giving a change in his indictment 4-3-14 four months later. Indictment William Edward Garica veiw the exhibits. Veiw case rest from,s; date: 5-22-14 typing of setting P.T.M.O ,ad 6-17-14 exhibits D. Case rest from: 10-15-14 and 10-16-14 Typing of setting ARR. Jury Trial. and the Judge change my Indictment to William Garica Stricking out Edward,and amending it her self with out returning the indictmentback to Grand Jury are Droping the offense to a lesser offense. 8th. Appellant is still have the Original unmodifed Indictment that remain in full force and effect. William Edward Garcia....

Perez stated: Still on the phone with Mr.Walker she saw Appellant drive off Mr. Garcia property. So she told Mr. Walker to hurrt.(RR IV at32). Perez never side she saw the Appellant carrying any household applianc,stated:(RR IV59) "Perez did see Appellant walking near Mr. Garcia house,"she was able to see Appellant sitting in thr driver,s seat of the green pickup because the driver,s side window was rolled down. (RR IV at51-52) Veiw the pitures .window,s are up how? could she see Appellant?. 8th. Apellant aruge how could two eyewitness state they saw me carrying household applianc and can,t show photo which were taken and sent to each but No photos of carrying any household goods or Entry of siad homeowner Garcia are driving green truck with the window,s down. Pictures shows the window up, never did any one show a address of Mr. Ealker or a picture of me coming out of any adress..

When Walker approached the neighborhood in his patrol vehicle, he saw Appellant was exiting

6.

the neighborhood in the green Dodge pickup. (RR IV at 60). ? Licecse plate,s wou ld have help. Me. Walker following him and made a U-turn.Id. Mr. Walker contiued following Appellant after the U-turn,and as Appellant leand out the window to lo ok back at Mr. Walker, Appellant drove the pickup over a curb and crashed into a light pole.

9th. Crashing into alight pole? another Crime scene,and accidental would have be in side of officer Kent P. report 9-30-13.

(RR IV at62) Appellant exited the pickup and rand into a commercial parking lot. (RR IVat 62. Mr Walker testifed that Appellant was wearing"dark-colored shorts.. .,[a] black T- shirt,[and a] greenish or orange-ish safety vest" when he exited the vehicle and began running(RR IV at 66-67)

10th. 3 different"Description" of Appellant. Myra Juarez description: wearing a "Neon yellow-green vest. Ms. Perez description: wearing a "Bright green safety - vest. Walker description: wearing "dark-colored shorts and black T-shirt,and a - greenish or orange-ish safety vest". Booked-in at the Harris County Jail- "Blue muscle shirt,and Blue".

After the accident appellant jumped out of the vehicle and started to run away. Perze saw appellant hiding in the bushes and told walker where to find him. Walk er testified that as appellant was running away he had the safety vest in his ha nd. Walker eventually detained appellant,and held him until Harris County Deputi es arrived.

11th. No accident report or H.L.an P light company receive any service call 9-30 13 at any location. 2nd. wear is the vest appellant drop Walker saw him droped. 3rd.911- caller Walker listen: Stated; two suspect runing 1400 hunder block of hardy,and then said 1600 hunder block of hardy.

12th. Officer Harris County Deputy not deputies. Kent Priea pulli up and got on his PA, and stated: bring the prisoner to me.Walker brought me to Officer and - they ex-changed cuff-leg irons. Ordering the wrecker driver to take the truck ba ck to un-know address. Were 3-4 houses down people was standing out side the ro- ad.

7.

asking Appellant name? Appellant: Luther Carl Ferguson. date of birth:1-23-66,- SSI# 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. N.C.I.report came back... Luther C.Ferguson convicted of 1st degree Murder,and ULC. Unlawful Carrying a weapon. and Parole violation,and par ôle Nov 12, 2012. He"informed"them to go head and get you,re property Ferguson is going back for violation of his parole he is on. They took all of said to be property,and the officer Kent never checked serial numbers of the property, and the he walk threw the home,and didn,t call Buglary Division. No pictures takenin g by said officer Kent. No picture of the door said to be kick in. No finger pri nts from ferguson was find inside or outside the home. No tools are gloves found onthe Appellant are inside the truck.

(RR IV at90),(RR IV at91).

Mr. Garcia was available to identify as his own,or otherwise as property previou sly within his house, the property included :two television sets, a stereo,a mic rowave,a laundry basket and clothing, various costume jewelry,a coin jar,and a - purse. (RR IV at 80-83;see also(RR IV at 20-29 (State,s Exhibits9-13).

13th. Appellant Garcia never show officer Ken price property papers on any of - these iteams. After officer Ken Price order them to get their stuff,and the size of the TV,and vaule, any,and all iteams.

A. Standard Of Review

Appellant ask the court or apeals to veiw : Jackson V. Virginia 443 U.S 307,319, 99 SCT. 2781,2789, 61 Ed 2d 560 (1979).

If based on all the Evidence a reasonable minded jury must necessarily entert - ain a reasonable doubt of the defendant guilt, Due process requires that"We Rev erse and Order a Judment of Acqitted. Narváiz/v.State 840 SW 2d 415,423(Tex Cr - App 1992).see Inrewinship 397 US. 358,364,90 SCT 1068, 1072, 72,25 L. Ed 2d 368 (1970). and Thomson V. Louisville 362 US. 199. 80 SCT. 624 4LEd 2d 654.

Narváiz v. State 840 SW 2d 415. Sectio 2.01 of the penal code contains the same requirement as appellate court reviewing a cold record long after the jury has evaluated the evidence and made its finding, our task is to consider all the -

records ,and evidence direct circumstantial in the light favorable to the jury,s verdict and to determine whether, based on that evidence any rational jury could found all essential element of the offense Beyond a reasonable doubt. Appellate judges are not factfinder, however; We may not- re-evalute the W---and credibility of the record evidence rather we act only as find Due Process safeguard ensuring... the rational of the factfinder Moreno v. State 755 SW2d 866,867.

Inwinship presuppose as essential of the Due Process guarenteed by the Fourteenth Amendment that No Person shall be made to suffer the onus of a criminal conviction except upon sufficient proof- Defined as"EVIDENCE"necessary to convince a = trier of fact Beyond a Reasonable Doubt of the existence of every element of the offense Burglary of a Habitation.

Evidence- (Black,s Law Dictionary).

Something (Including testimony documents and tangible ojects) that tends to prove or Disprove the existence of an alleged fact; Anything presented to the sense and offered to prove the existence or nonexistence of the fact. The Bloody Glove is the "Key" piece of Evidence for the proseution. The admissibility of what is offered as proof into the recoed of a Legal proceeding. Under the rule of Evidence, the"Witness"statement is"INADMISSBLE",and Hearsay that is not subject to any Exception rules of Evidence; Law Of Evidence.- Evidence

Element-

A constituent part of a claim that must be prove for the claim to succed Burke - failed to prove the Element of Proximate cause in Proseuting his "Negligence. To recover for patent infringement, the Appellant must prove that the accused product infrings every Element of at least on claim either Literally or under the doctrine of Equivalentss.

Beyond a Reasonable Doubt. see Reasonable Doubt.

The Doubt that prevent one from being firly convinced of a Defendant guilt or = the belief that there is real possibty that a Defendant is not guilty. Beyond a Reasonable Doubt is the standard used by a jury to determine whether a criminal Defendant is guilty. see. molde penal code 1.12 In deciding whether guilt has =

9.

been with the presumption that the defendants is innocent- see: Moral certainty; Burden of persuasion.CF. Clear and convincing Evidence under Evidence; Thompson v Louisville 362 US. 199, 80 SCT, 624 4LEd 2d 654. remains the appropriate guide for a federal Habeas Corpus in view of this P.D.R to apply in assesssing a state prisoner challende to his conviction as found upon Insufficient Evidence. The Winship doctive require more then simply a trial ritual. A doctrine Establishing so "Fundamental a substantive Constitutional stand must also requirethat the Factfinder will rationally apply that standard to the facts in evidence A. Reasonable Doubt at minimum is one base upon reason! "Yet" a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt Beyond a Reasonable a Doubt the same may be said of a trial, such an occurrance has traditionally been deemed to require"Reversal"of conviction Glasser v. United State 315 US. 60,80,62 SCT. 457 469,86 LEd 2d 680 - Appellant defer to the jury,s responsibility to fairly resolve or reconcits in the Evidence.

Code of Criminal Procedure: Title 1.

Chapter 21. Indictment and Information Art.21.21 Requisites of an Informant. An Information is sufficient if it has the following requisites: 1-9

9. IT MUST BE SIGNED BY THE DISTRICT OR COUNTY ATTORNEY,OFFICIALLY.Appellants indictments is stamped.

Code of Criminal Procedure: Title1.

Chapter 47. Disposition of Stolen Property.

Art. 47.01 "SUBJECT TO ORDER OF COURT.

(b) An officer Ken Price who comes into custody of property governed by Chapter 371, Finance Code, that is alleged to have been stolen "Shall" hold the property subject to the order of the proper court regardless of whether the owership of the property is contested or disputed.

Art. 4701a. Restoration When no trial is pending.

(20. On the filing of written motion before trial by an attorney representing the state, order the property delivered to the whoever has the superior right to

_10.

possession, subject to the condition that the property be made available to the prosecuting authority should it be needed in future proseuting or, Art. 47.02. RESTORED ON TRIAL.

(a) On the trial of any criminal action for theft or any other offense involving the illegal acquisition of property, the court trying the case"shall"Order the property to be restored to the person appearing by the proof to be the owner of the property. Which Ken Price fail to have Garica to show proof 9-30-13. When he Order them to get the property off the truck. never did he Tag or seize it.

B. Applicable Law

To prove the offense Of burglary of a habitation, the state must show(1) the acc used(2) without the owner,s consent, (3) entered a habitation, (4) with intent - (5) to commit a felony, theft, or assult. see Tex Penal Code Ann. 30.02(a)(1). - The sufficiency of evidence is determined from the cumulative effect of all the evidence; each fact in isolation need not establish the guilt of the accused. Appellant Indictment burlary of habitation does,nt state a statue or under any - Tex Penal Code Ann. And both complaint,and indictment,and new indictment 4-3-14, all read: Felony charge: Burglary of a Habitation. see Tex Penal Code Ann. 30.02 (a)(1). Following: The accused without the owner,s consent entered a habitation with intent to commit a felony, theft, or assault.

It states: Luther Karl Ferguson, hereafter styled the defendant, heretofore on or about September 30,2013, did then and there unlawfully with intent to commit theft,enter a habitation owned by Jason Walker a person having a greater right - to possession of the habitation (Complaint). and Indictment. 1403243

2nd. Indictment: 1423099. date 4-3-14

States: Luther Karl Ferguson,hereafter styled the defendant, heretofore on or - about September 30,2013, did then and there unlawfully with intent to commit - - theft, renter a habitation owned by William Edward Garcia a person having a grea ter right to possession of the habitation than the defendant and hereafter styl ed the compainant, without the effective consent of the complainant, namely, wi thout any consent of any kind.

-11.-

Appellant indictment is insufficiency of an indictment is that the indictment must "State everything necessary to proved. Davila v. State, 547 S.W. 2d 606, 608, Rex. Code Crim. Proc. Ann Art. 21.03(Vernon 1989). see Hadden v State 829 S.W 2d 838., Leonard L. Martinez v. State 304 S.W 3d. 642 ( Tex Cr. App 2010).

Burglary Elements.

A person commits the second degree felon offense of burglary if he or she enters habitation, without the consent of the owner, with the intent to commit a Felony ,theft or an Assault. Tex Penal Code 30.02(a)(c)(2)(2003). A person enters a habitation if he or she intrudes any part of their body or any physical object connected to their body 30.02(b) [Entry] is established when the plane of the opening of the house is broken, and may be accomplished by placing a foot inside a - door frame, by cutting window or door screens, or by braking a door lock or frame. The Entry can be any breach of the close of the residence. The entry element of a burglary offense may be prove by inference, just as inference may be used to the element of any other offense.

C. Analysis

Appellant concedes that the evidence supports the jury,s finding that an individual entered Garcia house without his consent and took his property.

Appellant argues that the Judge court 183th stated: DA don,t tell me this is another case were the property was given back to the owner? DA "yes" your honor, an contuine to go on with the case using Appellant priors to use as evidence to convict him.

Appellant argues that the evidence is insufficient to prove that he was the individual who burglarized Garcia house.

1. Finger print lifted off property,or tv,s  et,al.. and shoe print,s . pictures of entry

2. pictures of him carrying iteams. household goods.

3. Entry of the house. witness pictures.

4. Jason Walker who arrested me couldn,t ID me in trial.

5. Burglary divistion were never call to the location.

6. ? who,s the owener of the house, Jason Walker or William Edward Garcia or william Garcia?

12.

7. No address of William Garica or Jason Walker or William Edward Garica shown in Indictment.

8. Question? Door Broken in or Kick In. No pictures taken of "Entry".

9. Were pictures taken by Sheriff Dept Ken Price inside of your home, and showing - were household iteams were, and missing.

10. Were pictures taken by Burglary Division or prints lifted from the door or in side of the home, were appellant may have touched other iteams in the house.

11. finger prints taken of the iteams found inside the truck? or Tag. Why ? the truck was not search, and why? Burglary Division call to the scene for prints, investigation?

12. officer Ken Price failed to perform certain duties in his investidation of the burglary. also did a walk threw the house and check for other supect....

13. finger prints or foot prints would link the appellant to what the witness-Juarez, and Perez eyewitness carryingsmallhousehold appliance?

14. Appellant hands were not bag for testing prints.

15. Burglary Investion or Division would have follow all steps.

16. Judge stated: DA don,t tell me this is another case were you "All" give bac k the property. DA Yes your Honor.

17. why? was the propert here in court 10-20-14 as evidence of a crime and not - pictures or witness but Evidence ever fact need. [E]vidence 1. Television, set, jar with coins a Microwave, a Stereo and children,s shoes. with Tag as Exhibits...

18. Officer Ken. Stated: Luther Karl Ferguson just came home for Murder Nov12,20 12. Go head and get your,ll stuff he going back for prole violation I don,t need to call burglary division out her or take any pictures.this one you ha/ ve stated: Ms Myra Juarez ,and Ms Perez, and Mr.Garica,and Walker, property was taken and seat inside of --- -- a garage,and appellant was taken in.

19. Jason walker couldn,t ID me. and he arrested me and stated: He, not in the -- court room the guy i arrested is 250LB,and"6",1

20. Three Description of appellant. On page. 7. line 10.

Appellant argues the evidence is insufficient because (1) Juarez did not have en ough time to observe appellant to make a proper in-court identification;Let the record show that in the state,s Brief p.1 (RR IV at 20-21)Ms. Juarez immediately went inside her house and took photos of appellants activities with her cell pho ne camera (RR IV at16);se also (RR VI at4-11)(State exhibits1-4)Appellant who -- she couldn,t make a proper identification; (2)Walker only identified appellant - from a photograph; That photograph was enter into records by the DA. A booking - photograph. Let record show State,s Brief(RR IV at 40,64-65),(RR IV at 42-47) Mr caught up with appellant and detained him

and at trial Mr Walker did not recognize Appellant in the courtroom during dire-examination (RR IV at63),However, on redirect, he verified the booking photo from that incident to be of the person he detained. Appellant let the record show - Mr. walker(RR IV at 42-47) is who detained the appellant,and is Jason Walker the homeowner,s association security officer who stated: DA ? Is The"DEFENDANT"in court room? Walker "NO". DA are you sure? Walker "Yes" i am, again the DA ? Walker "NO" he,s not in here .. the guy i arrested is 250LB,and"6"1. This when the DA use a booking photo of appellant. (4) Garcia could not identify appellant.

Appellant,s first two arguments attack the crebidility of the eyewitness,s testimony, not its sufficiency; witness credibility, however is solely within the proivce of the jury. Devaughn v.State 749 S.W.2d 62(Tex CR.App 1988) En Banc; Hadden v.State 829 S.W. 2d 838(Tex CR.App 1992), Exparte James Cannon 546 S.W.2d 266 Moreover, the fact that Price and Garcia did not witness the burglary does not bear weight on the sufficiency of Juarez,s and Perez,s eyewitness identification Two eyewitnesses positively identified appellant as the man they saw exiting Garcia,s house.

Appellant. Let the record show that both eyewitnesses never saw appellant exiting Garcia,s house. see.State,s(Appellate Brief) at. (RR IV at 13-14).Myra Juarez saw appellant exit the front door of Mr. Garcia,s house carrying an object this or appeared to be a small household appliance. ?"What"

Appellant will show the fact,s: (RR IV at 20-21,Ms.Juarez immediately went inside her house and took photos of appellant,s activities with her Cell phone,s Camera.(RR IV at 16; see also (RR VI at 4-110)(State,s Exhibits 1-4) Will show appellant standing on the passager side of a truck, and not carrying any household appliance(RR IV at 13-14).

Garica identified the items found in the back of the truck appellant was driving as items that were taken from his house.

Appellant. Let the record show that(State,s Brief) No photo of Mr Garica taken the time Appellant crashed into a light pole. (RR IV at62). and(RR IV at 42-47)- Appellant was caught and detained. Shortly after Appellant,s detention, Deputy - Ken Price of the Harris County Sheriff,s Office arrived to conduct an investigation of the incident(RR IV at 69,88-89), were Burglary Division was not call to - to incident or HL,and P was never to a truck crashing into a light pole,and photo was never taken by Juarez orPerez or Walker or Garica to prove these were his items or property. ? property,s of each items would have help.

Officer Ken Price had appellant,s pickup towed to Mr Garcia,s house(RR IV at 91)

Appellant ,aruges this is were he was detained in the back seat of officer Ken - Price parole car, check appellant record N.C.R came back Parolee. Parole Nov 12-2012. Officer Ken then got on his P.A horn stated: To Garica,Perez,Juarez to go head a get you,ll property Luther Karl Ferguson is on parol an he,s going back - for Violation of his "PAROLE".

Veiw: (RR IV at 91, (RR IV at 80-83,92-93 )Will show pictures taken by Juarez,an sent to Harris County Sheriff,s Ken Price. this is how the DA,and Sheriff,s got these photo,s. never were they taken by Sheriff Deptment Ken Price. during his-investigation of the incident. photo,s don,t state Harris County Seriff investigation. 9-30-13

14.

## SUMMARY OF TH ARGUMENT

Giving due deference to the jury,s role as the factfinder and judge of the credi bility of evidence, and reviewing the record in the light most favorable to the guilty verdict, the evidence presented at Appellant,s trial was Fundamentally De fective and insufficient to support conviction for Burglary of Habitation, Amend ment Indictment by Changing the name of the Complainted Jason Walker 9-30-13, un der Indictment 12-2-13, name change 4-3-14 William Edward Garica, and 10-16-14,-- 10-17-14 Judge 183th amended the indictment herself by stricking out Edward and- amended the indictment she had and not me appellant to william Garica. 10-20-14 trial datee. Appellant is still under the Indictment of William Edward Garica - the is in full effect here at the Mark W. Michael Unit.

Case,s cited . Fundamentally Defective Exparte James Earl Cannon V State 546 SW. 2d 266 Hadden V. State 829 S.W. 2d 838.

Appellant 2nd point of err allegs that the indictment is defective in two respe- cts: 1) that both of Felony and a theft must be alleged in the indictment; and- 2) that the elements of the offence were alleged in a different order from that found in statue. All that is necessary is that the indictment list the elements of the offense TEX.CODE CRIM. PROC.ANN.art.21.03 Hadden v State 829 S.W 2d 838

Appellant was Denial of Fairness and Equity.see Exparte Euresre 725 S.W.214,217 *Tex crim App 1987), and Constitution rights.

also JURISDICTION DEFECT Ex.rel Holmes v.Third court of app 885 S.W.2d 389,397 (Tex Crim App 1994) Exparte Saddberry 864 S.W.2d 541 542 (Tex Cr ,App 1993), Ex parte Goodman 816 S.W. 2d 383,385 (Tex Crim App 1991)

Error,s under 7.C.C.F. Art. 105 TEXAS RULE OF EVIDENCE and 1.03(B) 3.02 3.05 (Fu ndement error Doctrine) as U.S. Constitution righty, Texas Jurisdication error and 1. sec 109 and as Jurisdictional see Exparte Sadberry 864 s. w. 2d 541 (1993

Appellant states case: Wilkerson v. State 927 s.w. 112.

Appellant was charge by indivtment with burglary of a habitation committed on 9- 30-13. Since september 1,1994 this has been a State Jail Felony. Tex Penal Code Ann 30.02 (A) (1) May not be punished under the Habitual offender provision.

15.

## PRAYER FOR RELIFE

Court of Appeals Appellant Luther Karl Ferguson Pro.Se. who has not achiev ed goals of Due process of law",

Recent decision of the Supreme Court, court of Appeal,s in area of Criminal law Pro se defendant,s rights fail to tack into account three crucial aspects of so cial structure which may tend to render the more libertarian rule as Nugatory. The decision overlook(1) the nature of courts as formal organization(2) relation with the state court appointed lawyers misconduct.

Veiw how my lawer Thomas J,Lewis is the same lawyer in my murder case in 1986 ap peal and the court of 183rd appointed him again in this case. He denial my appe al in 87. case # 429997

I receved 45 years for going help a friend move, and he was helping me from havi ng my lights cut-off. Dring summer time it to "Hot" in the summer, and cold to with lights I was paid 50.00 to paid a 48.56 light bill that lay untold in side of my court, Beverly i drop off at the store at 8: 30am time the store open.

Veiw the ORDER APPOINTING COUNSEL Exhibit his # he gave my lawyer who never told the court. I was about to complet parole on my old # 426969 1985 case 1-1-2015 - long way discharge, the courts knew this. The judge told me i see were you gave back 25 years on you murder case, and you beat a Gun case. murder wasn,t final til 1-1-2015 the DA use it as a prior, and a 14 year old Weapon case 9418981, veiw were my lawyer stated if you want to proceed your own P.D.R. you have the right to file Pro se. so I did hears my case only the true so help me "GOD" I DIE 6-27-14 in the Harris County Jail and 4 month later i recvie 45 years. To- day I ,ve Surrender to God and leading others to God. John 14: 6 Say: Jesus is- the Truth. and Way ,and Life, and its all in this P.D.R.

THANKYOU:

COURT OF CRIMINAL APPEAL AUSTIN.

HAPPY HOLIDAYS, MARRY XMAS ,AND HAPPY NEW YEARS 2016.

P.S THIS MY SEASON FOR GRACE AND MERCY:

# THOMAS J. LEWIS
ATTORNEY AT LAW
1602 WASHINGTON AVE.
HOUSTON, TEXAS 77007
TEL: (713) 868-0081
FAX: (713) 861-2951
E-MAIL: TJLAW2@COMCAST.NET

July 9, 2015

Luther Karl Ferguson
TDCJ # 01961670
Michael Unit F-1-24-B
2664 FM 2054
Tennessee Colony, Texas 75886

RE: **Luther Karl Ferguson v. State of Texas**.
No. 14-14-00885-CR.
Fourteenth Court of Appeals.
**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Dear Mr. Ferguson:

Enclosed is a copy of the Judgment and Opinion of the Court of Appeals in your case. Unfortunately, the Court has affirmed your conviction.

Rule 48.4 of the Texas Rules of Appellate Procedure requires me to give you the following notice:

**If you wish to appeal the ruling in your case, you may petition the State's highest criminal court, the Court of Criminal Appeals. The Court has discretion to accept or deny your petition. If you want to proceed on your own, you have the right to file a *pro se* Petition for Discretionary Review of the Appeals Court's decision with the Court of Criminal Appeals. You must file your petition within 30 days of July 9, 2015, the date the Appeals Court handed down its decision. The petition must be filed with the Clerk of the COURT OF CRIMINAL APPEALS, P.O. BOX 12308, AUSTIN, TX 78711. If you need more time than 30 days, you may file a request for an extension no later than 15 days after the due date. If you need more details, you should look at Rule 68 of the Texas Rules of Appellate Procedure.**

If you have any further questions, please let me know.

Very truly yours,

Thomas J. Lewis

file

# CASE NO # the law require you to make available my Trial transcripts. As you know Texas inmate are "NOT" allow CD, so you need to send written trial transcript. You are hindering me from filing a writ art 11.07. The law require you to mail me a ~~copy~~ complete copy.

Respectfully,

COURT OF CRIMINAL APEALS OF AUSTIN


No. 14-14-00885-CR.



LUTHER C.FERGUSON, APPEALLANT.

VS.

THE STATE OF TEXAS, APPELLEE.



ON APPEAL FROM THE 183er DISTRICT COURT

HARRIS COURTY, TEXAS

TRIAL COURT CAUSE NO.1423099


PETITION FOR DISCRTIONARY REVIEW




"EXHIBITS - A-

EXHIBIT - A.

CASE NO. 1403243

ORDER APPOINTING COUNSEL

DATE: 3RD DAY OF OCT. 2013

for the record exhibit A. my co- defended ROY JONES. # (713) 283 3783"WAS" never

told of til this day.    My lawyer and the court keep this from the jury,s .

This is the guy who gave me 1/2  50.00 dollars to help him move his stuff out fo

r, his sister house.

ENTER EXHIBIT IN TO THE RECORD OF COURT OF APPEALS OF AUSTIN TEXAS.

Exhibit A

CAUSE NO. _____   CHARGE _____

THE STATE OF TEXAS          §
                            §        _____ DISTRICT COURT
vs.                         §        OF
                            §        Roy (713) 283-3783
Luther Karl Ferguson        §        HARRIS COUNTY, TEXAS

**Defendant**

TO THE HONORABLE JUDGE OF SAID COURT:

Luther Karl Ferguson (name), ☒ the DEFENDANT ☐ a WITNESS in the above style and numbered cause respectfully petitions the Court to appoint counsel to represent him/her in this cause and would show the Court that he/she is financially unable to hire an attorney.

_____
Defendant/Witness

Sworn to and subscribed before me on this, the 3rd day of October, 2013.

_____
Deputy District Clerk
Harris County, Texas

## ORDER APPOINTING COUNSEL

On this, the 3rd day of October, 2013 the Court determined that the above named defendant/witness has executed an affidavit stating that he/she is without counsel and is financially unable to hire an attorney. The Court ORDERS that ☐ the ATTORNEY LISTED BELOW ☒ the HARRIS COUNTY PUBLIC DEFENDER'S OFFICE is appointed to represent the defendant/witness named above in this cause.

_____        _____
Attorney/Assistant Public Defender Assigned by HCPD    E-Mail Address

_____
Address

Hou            TX      77046          ( 713 ) 426-1263
City           State    Zip            Phone Number

                                       1637384
_____        _____
SPN Number                             Bar Number

The Court further ORDERS the cause set for

On the _____ day of 10-22-13, 20___ at 8:30 a.m. at 1201 Franklin, Houston, Harris County, Texas.

Signed this _____ day of _____, 20___.

_____
Judge Presiding

☐ The State has offered or    ☐ The State and Defense agree as follows:

Defense Attorney (Initials) _____    Prosecutor (Initials) _____

EXHIBITS - B.

CAUSE NO. # 1403243                              OFFENSE : BUGLARY OF HAB.

COMPLANITED.

[ JASON WALKER]   9-30-13

APPELLANT ENTER IN TO THE RECORDS A COPY OF THE STATES COMPLANITED CHARGES ON

9-30-13.

For the record let it be knowing mark exhibits B has enter in to the court of -

Criminal Appeals in Austin Texas.

THE STATE OF TEXAS
VS

LUTHER KARL FERGUSON
7339 LINDA VISTA
HOUSTON, TX 77028

00714109

SPN.
DOB: BM 1-23-1966
DATE PREPARED: 9/30/2013

D.A. LOG NUMBER:1997425
CJIS TRACKING NO. 9169196958-A001
BY. GU DA NO: 002600467
AGENCY:SHF
O/R NO: 130135307
ARREST DATE: 9-30-2013

NCIC CODE: 2202 05          RELATED CASES

FELONY CHARGE· BURGLARY OF A HABITATION
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO·          1403243
FIRST SETTING DATE·                       183

BAIL $NO BOND
PRIOR CAUSE NO

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **LUTHER KARL FERGUSON**, hereafter styled the Defendant, heretofore on or about **SEPTEMBER 30, 2013**, did then and there unlawfully with intent to commit theft, enter a habitation owned by JASON WALKER, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind

Before the commission of the offense alleged above, (hereafter styled the primary offense), on AUGUST 20, 1987, in Cause Number 2429997, in the 185TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of MURDER.

Before the commission of the primary offense, and after the conviction in Cause Number 042997 was final, the Defendant committed the felony of UNLAWFUL CARRYING A WEAPON and was finally convicted of that offense on MAY 23, 1999, in Cause Number 941898 1, in the 338TH DISTRICT COURT of HARRIS County, Texas.

**FILED**
Chris Daniel
District Clerk

SEP 30 2013

Time _____
C/ _____

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on September 30, 2013

_____
AFFIANT

_____
ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

24057461
BAR NO

**COMPLAINT**

For Official Governmental Use Only—Do Not Disseminate to the Public 57567174 - Page



## Violation Report

| | |
|---|---|
| **Name** FERGUSON,LUTHER CARL | **SID #** 03555414 **TDCJ #** 00426969 |
| **Report Date.** 10/02/2013 | **VR Number:** 10869691 |

> **Rule 2 - Offense against state laws. I shall commit no offense against the laws of this state or of any other state or of the United States.**

**On or About or Since**
09/30/2013

**At or about**
Harris County, Texas

**Complainant/Adjudication/Other**
Burglary of Habitation. Complainant Jason Walker.

**Summary**
On 10/15/2012, while at the Rosenberg Parole Office, Parole Officer Altheria Charles instructed offender Luther Ferguson to commit no offense against the laws of this state or of any other state or of the United States. On 9/30/2013 the Harris County Sheriff's Office arrested the Offender for burglary of habitation Tha complainant is Jason Walker.

**NCIC Offense Category**
BURGLARY

**Type of charge**
Felony

**NCIC Offense Description**
BURGLARY OF HABITATION

**County or Municipal Offense Description**

| **Status of charges** | **Date Charges Filed** | **Cause#** | **Offense Report#** |
|---|---|---|---|
| Pending [P] | 09/30/2013 | 1403243 | 130135307 |

| **Court date Set?** | **Court#** | **Court Type** | **County of court** |
|---|---|---|---|
| NO | 183 | District Court | HARRIS COUNTY |

**Officer Notified of Disposition of Pending Charges?**

**Sentence**

0Y 0M 0D

---

**ARREST INFORMATION**

**In Custody**
YES

**Arresting Agencies**
SO HARRIS CO

**Current Facility Custody**
TEXAS COUNTY JAIL - HARRIS COUNTY (1301 FRANKLIN)
1301 FRANKLIN STREET
HOUSTON, TX 77002

**Bond Posted?**
NO

**Bond Amount**
$ 0 00

**Facility ORI Number**

---

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law

ek.B
244



## Hearing Report (cont.)
### PRELIMINARY-Not Waived

| Name | TDCJ # | SID # | VIOLATION # |
|---|---|---|---|
| FERGUSON,LUTHER CARL | 00426969 | 03555414 | 10869691 |

## FACT FINDINGS AND CONCLUSIONS

**Evidence Standard**
Probable Cause

A. I find Offender is under the authority of Board of Pardons and Paroles and is subject to the rules and conditions of his/her administrative release

B. I make the following findings in regard to the allegations.

**Group A**

**Rule #  2 Offense against state laws. I shall commit no offense against the laws of this state or of any other state or of the United States.**
NCIC Category BURGLARY OF HABITATION
On or About or Since:          09/30/2013
At or About:        Harris County, Texas
Complainant/Adjudication/Other:
       Burglary of Habitation    Complainant  Jason Walker
**Offender Plea:**     Deny
Conclusion  Sustained
I conclude OFFENDER did violate rule

**Evidence:**        Exhibit B (Violation Report)

            Exhibit C (Certificate of Disposition)

            Exhibit D (Complaint)

            OFFENDER declined to testify
**Type of Charge**    Felony
**Status of Charge**  Pending [P]

---

**Hearing officer comments**
Probable cause exist to believe a rule has been violated and this case will proceed to a Revocation Hearing Upon Final Disposition of Charge

---

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law

# TEXANA CENTER
4910 Airport Avenue, Bldg. A
Rosenberg, TX 77471
281-342-6384
Fax: 281-232-4312

**January 10, 2014**

**To:** Silvia Pubchara
12 Greenway Plaza, Ste 1100
Houston, TX. 77046

**Attn:**

**Ref:** Luther Ferguson
**DOB:** 01-23-1963
**SSN#:** xxx xx 1963

We are in receipt of your request for information regarding the above named individual.
Please refer to the item(s) checked below.

☒ The following information is being disclosed to you from records protected by
Federal Confidentiality Rules (45 CFR Parts 160 &164). The Federal rules
prohibit you from making any further disclosure of information unless further
disclosure is expressly permitted by the written consent of the person to whom it
pertains or as otherwise permitted by such regulations.

Records Requested For: Luther Ferguson

| | | | |
|---|---|---|---|
| ☐ | All records | ☒ | Diagnostic Review |
| ☒ | Master Treatment Plan | ☐ | Pre Admission Screening/Intake |
| ☒ | Physician's Orders | ☒ | Progress Notes |
| ☒ | Psychiatric Evaluation | ☐ | Psychological Assessment |
| ☒ | Laboratory Results | ☐ | Discharge Summary |
| ☒ | Physician Visit | ☐ | Physical Examination |
| ☐ | Billing records | ☐ | Other: |

☐ Other:

Sincerely,

*Lisa Charles*
Lisa Charles

# Texana MHMR Center
## DIAGNOSIS REVIEW FORM

### Diagnostic Axes I - IV

#### AXIS I: Clinical Syndromes/V Codes

| ID | Description | Priority | Begin Date | End Date |
|----|-------------|----------|-----------|----------|
| 296.64 | BIPOLAR I, REC MIX, SEV, W/PSY | 1 | 04/08/2009 | |
| 312.30 | IMPULSE-CONTROL DISORDER | 2 | 04/08/2009 | |
| 304.80 | POLYSUBSTANCE DEPENDENCE | 3 | 11/25/2008 | |

#### AXIS II: Developmental/Personality Disorders

| ID | Description | Priority | Begin Date | End Date |
|----|-------------|----------|-----------|----------|
| 301.7 | ANTISOCIAL PERSONALITY | 1 | 11/25/2008 | |

#### AXIS III: Physical Disorders/Conditions

| ID | Description | Priority | Begin Date | End Date |
|----|-------------|----------|-----------|----------|
| 401.9 | HYPERTENSION, ESSENTIAL,UN | 1 | 11/03/2009 | |
| 493.90 | ASTHMA,NOS,W/O STATUS AST | 2 | 11/03/2009 | |

#### AXIS IV: Psychosocial Stressors and Environmental Problems

| ID | Description | Priority | Begin Date | End Date |
|----|-------------|----------|-----------|----------|
| A | PRIM SUPP GR | 1 | 11/18/2008 | |

Primary Axis     1

Axis V (GAF)     40

### Signature of Clinician Completing Form (LMSW-ACP,LPC,LPHA,MD,PHD only)

Name: BAPTISTE, NADINE, MD     Date: 07/06/2010     Time: 4:28 p.m.    ○ Yes    ○ No    ⊙ N/A

### Signature of Data Entry Staff (if different from above)

Name: LLOYD, KIMBERLY     Date: 07/06/2010     Time: 4:50 p.m.    ⊙ Yes    ○ No    ○ N/A
Electronically Signed

(DIAG /TMH1- 10/ 01-AUG-2003)

EXHIBIT C.

CAUSE NO. 1403243                                    OFFENSE:BUGLARY OF HAB.

CASE RESET FROM

Withe the cause # 1403243 date: 1-14-14, and2-5-14 were i was indicted under

JASON WALKER. INDICTED  12-2-13 UNDER JASON WALKER.

DA. LOG NO. 2046019

CJIS TRACKING NO. 9169196958d001

by: TF DA NO. 2600467

AGENCY: SHERIFF,S DEPARTMENT
        HARRIS COUNTY

O/R NO.130135307.

ARREST DATE: 9-30-13

ENTER IN TO THE RECORDS  CASE_RESET FROMS DATED: 1-14-14.and 2-5-14 cause#14032

43 showing i was Indicted on this Indictment with the name JASON WALKER.

4.

CAUSE NO. _~~14038972~~_       CHARGE _Burg of Hab_
_/83_ DISTRICT COURT _A_

THE STATE OF TEXAS                §                                   G.

VS.                               §       OF

_Luther Ferguson_                 §       HARRIS COUNTY, TEXAS
Defendant

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

_____ on _1-14-14_ at _830_ a.m.
_N I_

Type of Setting

_____     _Luther Ferguson_
Attorney for the State              Defendant

☐ The State has offered:           _Silvia Pubchann_
                                    (Print) Attorney for Defendant

                                    _____
☐ The State and Defense agree ___   (Signature) Attorney for Defendant

                                    _13 Greenway Plaza STP 1100_
                                    Address
                                    _H TX 77046_
                                    City        State        Zip
                                    _16373825_
                                    Attorney Bar #      Attorney SPN #

Interpreter Requested:   Yes or No  _(7) 222-9300   (713) 126-1263_
Language: _____          Phone Number        Fax Number

For: _____Defendant _____Witness    _Pubchanns@yahoo.com_
Estimated Length of Assignment: ___  Email Address

FOR COURT STAFF USE ONLY
Reset by  ☐ Court   ☑ Defense   ☐ Operation of Law   ☐ Prosecution

☐ Attorney not present          ☐ Defendant has new case        ☐ No Tape/Lab_____
☐ D.A. to contact complainant/witness ☐ Defendant on call       ☐ Not indicted.
☐ D.A. to evaluate case         ☐ Defendant to consider offer   ☐ Other_____
☐ D.A. to Reindict              ☐ Disposition of misd./OOC case ☐ Refer to _____
☐ D.A. to file MAJ/MRP          ☐ File Unavailable               ☐ Restitution Info
☐ Defense to contact witness    ☐ MHMRA Evaluation               ☐ To hire Attorney
                                   ___21 Day ___Full

APPROVED BY THE COURT:              _12-10-13_
_____             _____
Judge/Coordinator                   Date Signed

"As a condition of release on bond, all defendants will be required to submit to random screening for the presence of controlled substances. Refusal to submit to testing or positive test results will cause bond to be revoked."

DEFENDANT'S COPY

CAUSE NO. *140374B*

CHARGE *Burg Hab* #

*H*

THE STATE OF TEXAS §

*18?* DISTRICT COURT

VS §

OF

*Luther Ferguson* §

HARRIS COUNTY, TEXAS

Defendant

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

*Motion* on *2-5-14* at *8:30* a.m.

Type of Setting

_____

Attorney for the State

Defendant

☐ The State has offered:

*Jim Patcham*

(Print) Attorney for Defendant

☐ The State and Defense agree as follows:

(Signature) Attorney for Defendant

*12 Greenway Plaza Ste 1105*

Address

*Hou TX 77046*

City          State          Zip

*16273825*

Attorney Bar #          Attorney SPN #

Interpreter Requested:   Yes or No

*(713) 722-9300*   *(713) 826-1463*

Language: _____

Phone Number          Fax Number

For: _____ Defendant _____ Witness

*Patcharas@yahoo.com*

Estimated Length of Assignment: _____

Email Address

_____

FOR COURT STAFF USE ONLY

Reset by ☐ Court ☒ Defense ☐ Operation of Law ☐ Prosecution

☐ Attorney not present ☐ Defendant has new case ☐ No Tape/Lab _____

☐ D.A. to contact complainant/witness ☐ Defendant on call ☐ Not indicted

☐ D.A. to evaluate case ☐ Defendant to consider offer ☐ Other _____

☐ D.A. to Reindict ☐ Disposition of misd./OOC case ☐ Refer to _____

☐ D.A. to file MAJ/MRP ☐ File Unavailable ☐ Restitution Info

☐ Defense to contact witness ☒ MHMRA Evaluation ☐ To hire Attorney

☐ 21 Day ☐ Full

APPROVED BY THE COURT:

*1/4/14*

Judge/Coordinator          Date Signed

"As a condition of release on bond, all defendant will be required to submit to random screening the presence of controlled substances. Refuse submit to testing or positive test results will ca bond to be revoked." 5/2/12

DEFENDANT COPY

EXHIBIT   D.

CAUSE NO. 140324.

CASE REST FROM

DATED: 4-3-14                                TYPE OF SETTING: JURY TRIAL.

APELLANT BRINGS TO THE COURT OF APPEAL ATT: VEIW THE : FOR COURT USE ONLY.
[ ] DA .TO REINDICT IS THE AMENDING PART THAT WEREN,T CHECK OFF AS TO THE STATE

GIVING ME FULL NOTICES OF AMENDMENT.

ALSO VEIW THE INDICMENT CHANGE FROM JASO WALKER TO WILLIAM EDWARD GARCIA 4-3-14

the same dare thats on my CASE REST FROM dated:4-3-14 singed 3-4-14

Mail to me .

APPELLANT ENTER IN TO THE RECORDS THE NEW CHANGE IN HIS INDICTMENT READING:

WILLIAM EDWARD GARCIA.

ENTER CASE REST FORM  DATED: 5-2214 case# 1423099.and CASE REST FORM dated;
6-17-14 1423099 setting; DISC.  Never check the box DA.TO REINDICT[ ] Under check

CASE REST FORM: 1423099 10-15-14,and 10-16-14 , and 10-17-14 were the judge str
icken on the name EDWARD, AMENDED THE NEW INDICMENT HER SELF,AND PLACING HER V.V

UNDER THE NEW INDICMENT,AND TRIAL STARTED ON MONDAY: 10-2014. UNDER WILLIAM GAR_
  CIA. I STILL HAVE WILLIAM EDWARD GARCIA INDICTMENT.

# DIAGNOSTIC FORM

| Patient Name: FERGUSON, LUTHUR | Case #: 997430 |
|---|---|

| INTAKE | UPDATE | DISCHARGE |
|---|---|---|

**Axis I:**

| | | | | | |
|---|---|---|---|---|---|
| 30928 | Adjust Dis Mixed Anx & Depress | 2971 | Delusional Disorder | | **Axis II:** |
| 30924 | Adjust Dis W/Anxiety | 29410 | Dementia Due to Med Condition/Alzheimer without Behavioral Disturbance | ✓ 3017 | Antisocial Personality |
| 3094 | Adjust Dis W/Emot & Conduct | | | V4000 | Borderline Intellectual Funct |
| 3099 | Adjust Dis Unspecified | 29411 | Dementia Due to Med Condition/Alzheimer with Behavioral Disturbance | 30183 | Borderline Personality Disorder |
| 3093 | Adjust Dis W/Conduct | | | 3016 | Dependent Personality |
| 3090 | Adjust Dis W/Depress | 311 | Depressive Disorder, NOS | 319 | Mental Retardation, Sev, Unsp |
| 30500 | Alcohol Abuse | 3129 | Disruptive Behavior Disorder, NOS | 317 | Mild Mental Retardation |
| 30390 | Alcohol Dependence | 3004 | Dysthymic Disorder | 3180 | Moderate Mental Retardation |
| 30000 | Anxiety Disorder, NOS | 3076 | Enuresis (Not Due to Med Cond) | 3181 | Severe Mental Retardation |
| 31400 | Attention Def/Hyp Dis Predom Inattent | 30002 | Generalized Anxiety Disorder | 3182 | Profound Mental Retardation |
| 31401 | Attention Def/Hyp Dis Combined | ✓ 31230 | Impulse Control Disorder, NOS | V7109 | No Diagnosis |
| 3149 | Attention Deficit/Hyperactivity Dis NOS | 31234 | Intermittent Explosive Disorder | 999 | Deferred |
| 29680 | Bipolar Disorder NOS | 3159 | Learning Disorder, NOS | | |
| 29656 | Bipolar I, Rec Dep, Full Remission | 29636 | Major Depress, Rec, Full Remission | | |
| 29651 | Bipolar I, Rec Dep, Mild | 29635 | Major Depress, Rec, Partial Remission | | **Axis III:** |
| 29652 | Bipolar I, Rec Dep, Moderate | 29631 | Major Depress, Rec, Mild | | |
| 29655 | Bipolar I, Rec Dep, Partial Remission | 29632 | Major Depress, Rec, Moderate | | |
| 29653 | Bipolar I, Rec Dep, Sev, w/o Psychotic | 29633 | Major Depress, Rec, Sev w/o Psychotic | | |
| 29654 | Bipolar I, Rec Dep, Sev, w/ Psychotic | 29634 | Major Depress, Rec, Sev w/ Psychotic | | HYPERTENSION |
| 29650 | Bipolar I, Rec Dep, Unspecified | 29630 | Major Depress, Rec, Unspecified | | |
| 29646 | Bipolar I, Rec Man, Full Remission | 29626 | Major Depress, Single, Full Remission | | ASTHMA |
| 29641 | Bipolar I, Rec Man, Mild | 29625 | Major Depress, Single, Partial Remission | | |
| 29642 | Bipolar I, Rec Man, Moderate | 29621 | Major Depress, Single, Mild | | CHRONIC BACK |
| 29645 | Bipolar I, Rec Man, Partial Remission | 29622 | Major Depress, Single, Moderate | | PAIN |
| 29643 | Bipolar I, Rec Man, Sev, w/o Psychotic | 29623 | Major Depress, Single, Sev w/o Psychotic | | |
| 29644 | Bipolar I, Rec Man, Sev, w/ Psychotic | 29624 | Major Depress, Single, Sev w/ Psychotic | | |
| 29640 | Bipolar I, Rec Man, Unspecified | 29620 | Major Depress, Single, Unspecified | | |
| 29666 | Bipolar I, Rec Mixed, Full Remission | 29383 | Mood Disorder, Due to (Indicate General Medical Condition) | | |
| 29665 | Bipolar I, Rec Mixed, Partial Remission | | | | |
| 29661 | Bipolar I, Rec Mixed, Mild | 29690 | Mood Disorder, NOS | | |
| 29662 | Bipolar I, Rec Mixed, Moderate | 3003 | Obsessive-Complusive Disorder | | |
| 29663 | Bipolar I, Rec Mixed, Sev, w/o Psychotic | 31381 | Oppositional Defiant Disorder | | |
| 29664 | Bipolar I, Rec Mixed, Sev, w/ Psychotic | V6120 | Parent-Child Relational Problem | | |
| 29660 | Bipolar I, Rec Mixed, Unspecified | V6110 | Partner Relational Problem | | |
| 2967 | Bipolar I, Most Rec, Unspecified | 3 30480 | Polysubstance Dependence | | |
| 29606 | Bipolar I, Single Man, Full Remission | 30981 | Posttraumatic Stress Disorder | | **Axis IV:** |
| 29601 | Bipolar I, Single Man, Mild | 2989 | Psychotic Disorder, NOS | 1 | A Problems with Primary Support |
| 29602 | Bipolar I, Single Man, Moderate | V6281 | Relational Problem, NOS | 2 | B Problems related to Soc Envr |
| 29605 | Bipolar I, Single Man, Partial Remission | 29570 | Schizoaffective Disorder | | C Educational Problems |
| 29603 | Bipolar I, Single Man, Sev, w/o Psychotic | 29520 | Schizophrenia, Catatonic Type | | D Occupational Problems |
| 29604 | Bipolar I, Single Man, Sev, w/ Psychotic | 29510 | Schizophrenia, Disorganized Type | 3 | E Housing Problems |
| 29600 | Bipolar I, Single Man, Unspecified | 29530 | Schizophrenia, Paranoid Type | 4 | F Economic Problems |
| 29689 | Bipolar II, Disorder | 29560 | Schizophrenia, Residual Type | 5 | G Acess to Health Care Services |
| 30520 | Cannabis Abuse | 29590 | Schizophrenia, Undifferentiated Type | 6 | H Legal Problems |
| 30430 | Cannabis Dependence | 99553 | Sexual Abuse of Child-Victim | | I Other |
| V7102 | Childhood or Adoles Antisocial | 29284 | Spec Drug/Induced Mood Disorder | | J None/Not enough info available |
| 30560 | Cocaine Abuse | | | | |
| 30420 | Cocaine Dependence | | | | **Axis V:** |
| 31281 | Conduct Disorder-Childhood Onset | | | | **GAF:** 40 |
| 31282 | Conduct Disorder-Adolescent Onset | | | | |
| 289 | Conduct Disorder-Unspecified Onset | | | | |

| PHA Signature: | ID#: 749 | Date: 10/28/02 |
|---|---|---|

Data Entered Date: 10/24/18   Data Entry Staff ID#: 31040

February 2002

TMH : 1-05    TMH Y: 1-05

EXHIBIT E.

STATE OF TEXAS

BOARD OF PARDONS AND PAROLES

HEARIN REPORT (CONT,)

OFFENDER. STATEMENT OF FACTS ON 9-30-13.

ENTER IN TO THE RECORDS OF THE COURT OF APEALS IN AUSTIN TEXAS .

VEIW  APPELLANT MOTHER LOUISE WITNESS....

AND OTHER FORMS OF HIS CONDITIONS OF PAROLE WITH THIS EXHIBIT:





## Hearing Report (cont.)
### PRELIMINARY-Not Waived

| Name | TDCJ # | SID # | VIOLATION # |
|------|--------|-------|-------------|
| FERGUSON,LUTHER CARL | 00426969 | 03555414 | 10869691 |

## ADJUSTMENT PHASE

**Parole Officer**
Introduced adjustment statement

**ISF / SAFPF Eligibility**
ISF Ineligible - Pending charges

SAFPF Ineligible

**Offender**

OFFENDER testified. He is going to court next month  He was going to help a person move and he couldn't because he was arrested  He was taking a shot and other forms of psychotropic medications  He was doing good on Parole for the last 19 months  All of the guns are out of the house, he takes his medications and he is trying to get his life together for his son, mother and sisters who have ailments  He was seeing his Doctor and Therapist twice a month  He needs to get off Parole since he has been doing this since he was 17 and he is now 47  He also wants to stop hearing voices. He knows Parole is a priority  He has surrendered to God since his release  If continued on supervision, he wants to reside with his mother, Louise FERGUSON, at 14807 Swift River Lane, Sugarland, Texas 77478  She can be reached at 281-491-5258

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law

EXHIBIT F

JUDGMENT OF CONVICTION BY JURY:

STATUTE FOR OFFENSE N/A

OFFENSE FOR DEFENDANT CONVICTED: NO TEX PENAL CODE STATED:

DEGREE OF OFFENSE: 2ND DEGEE FELONY: WHICH IS UNDER TEX PENAL CODE 12.33 2-20

Years

N/ A ENHANCEMENT PARAGRAPH ET, AL SO HOW I GOT 45 Years........

ENTER IN TO THE RECORDS FOR THE COURT OF APPEALS. EXHIBITS F.

Att: I Today still Don't have my Trial Transcrip's It on a CD. I am unable to paid for 1,700 pages My Lawyer fail to send them to me. To the Best of these Exhibits I am sending is my "only" facts in my case. "please" send me Copy's Back.

Thank you for the Extendition.



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 183RD DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| FERGUSON, LUTHER KARL | § | HARRISCOUNTY, TEXAS |
| | § | |
| STATE ID NO.:TX03555414 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. VANESSA VELASQUEZ | Date Judgment Entered: | 10/20/2014 |
| Attorney for State: | JOSEPH SANCHEZ & ALYCIA HARVEY | Attorney for Defendant: | PUBCHARA, SILVIA V |

Offense for which Defendant Convicted:

**BURGLARY OF HABITATION WITH INTENT TO COMMIT THEFT**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **N/A** |

Date of Offense:

**09/30/2013**

| Degree of Offense: | Plea to Offense: |
|---|---|
| **2ND DEGREE FELONY** 1233 punishmnt | **NOT GUILTY** |

| Verdict of Jury: | Findings on Deadly Weapon: |
|---|---|
| **GUILTY** | **N/A** |

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| **COURT** | **10/20/2014** | **10/20/2014** |

Punishment and Place of Confinement: **45 YEARS INSTITUTIONAL DIVISION, TDCJ** 45yrs TDC

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $30 $ 389.00 | $ N/A | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was N/A .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| Time Credited: | From: 09/30/2013 to 10/20/2014 | From: to |
|---|---|---|
| | From: to | From: to |
| | From: to | From to |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/ADAYS NOTES: TOWARD INCARCERATION, FINE, AND COSTS**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in HarrisCounty, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

Public: 6291166254  Page 1 of 2    For Official Governmental Use Only - Do Not Disseminate

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

☐**Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☒**Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐**No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒**Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐**County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the **Sheriff of Harris County, Texas** on the date the sentence is to commence. Defendant shall be confined in the Harris County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐**Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the **Office of the Harris County District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

Furthermore, the following special findings or orders apply:

**Signed and entered on 10/20/2014**

X _____
**VANESSA VELASQUEZ**
JUDGE PRESIDING

Notice of Appeal Filed: *10/20/2014*

Mandate Received: Type of Mandate:

After Mandate Received. Sentence to Begin Date is:

Jail Credit:

Def. Received on at ☐AM ☐PM

By: . Deputy Sheriff of Harris County

Clerk: T WILLIAMSON
Case Number: **142309901010**
Defendant: FERGUSON, LUTHER KARL
EN/KR04: *999* LCBT: LCBU: EN/KR18: *999*

Right Thumbprint

For Official Governmental Use Only – Do Not Disseminate to the Public: 62916654 - Page 2 of 2

00714104

THE STATE OF TEXAS
VS

LUTHER KARL FERGUSON
7339 LINDA VISTA
HOUSTON, TX 77028

00714109

SPN.
DOB: BM 1-23-1966
DATE PREPARED: 9/30/2013

D.A. LOG NUMBER:1997425
CJIS TRACKING NO. 9169196958-A001
BY. GU DA NO: 002600467
AGENCY:SHF
O/R NO: 130135307
ARREST DATE: 9-30-2013

NCIC CODE: 2202 05

RELATED CASES

FELONY CHARGE· BURGLARY OF A HABITATION
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO·
FIRST SETTING DATE·

1403243
183

BAIL $NO BOND
PRIOR CAUSE NO

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, LUTHER KARL FERGUSON, hereafter styled the Defendant, heretofore on or about SEPTEMBER 30, 2013, did then and there unlawfully with intent to commit theft enter a habitation owned by JASON WALKER, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind

Before the commission of the offense alleged above, (hereafter styled the primary offense), on AUGUST 20, 1987, in Cause Number 2429997, in the 185TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of MURDER.

Before the commission of the primary offense, and after the conviction in Cause Number 042997 was final, the Defendant committed the felony of UNLAWFUL CARRYING A WEAPON and was finally convicted of that offense on MAY 23, 1999, in Cause Number 941898 1, in the 338TH DISTRICT COURT of HARRIS County, Texas.

FILED
Chris Daniel
District Clerk

SEP 30 2013

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on September 30, 2013

AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

BAR NO

COMPLAINT

For Official Governmental Use Only Do Not Disseminate to the Public 57567174 - Page

Exhibit
[F]

CAUSE NO. _~~14038943~~_  CHARGE _Burg Hab_ [F]

THE STATE OF TEXAS §  _183_ DISTRICT COURT

VS. §  OF

_Lither Frayson_ §  HARRIS COUNTY, TEXAS
Defendant

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

_Jury Trial_ on _4-3-14_ at _830_ a.m.
Type of Setting

_____  _____
Attorney for the State             Defendant

☐ The State has offered:           _Silvia Pubchara_
                                   (Print) Attorney for Defendant

                                   _____
                                   (Signature) Attorney for Defendant

☐ The State and Defense agree as follows:

                                   _17 Greenway Plaza Ste 11_
_____    Address
                                   _Hou    Texas    77046_
                                   City        State        Zip

                                   _16373875_
                                   Attorney Bar #          Attorney SPN #

                                   _(713) 222-9300_   _(713) 426-1265_
Interpreter Requested: Yes or No   Phone Number           Fax Number
Language: _____
                                   _Pubcharas@yahoo.com_
For: _____Defendant _____Witness
Estimated Length of Assignment: _____  Email Address

---

**FOR COURT STAFF USE ONLY**
Reset by ☐ Court  ☑ Defense    ☐ Operation of Law    ☐ Prosecution

☐ Attorney not present          ☐ Defendant has new case        ☐ No Tape/Lab _____
☐ D.A. to contact complainant/witness  ☐ Defendant on call       ☐ Not indicted
☐ D.A. to evaluate case         ☐ Defendant to consider offer   ☐ Other_____
☐ D.A. to Reindict              ☐ Disposition of misd./OOC case ☐ Refer to _____
☐ D.A. to file MAJ/MRP          ☐ File Unavailable               ☐ Restitution Info
☐ Defense to contact witness    ☐ MHMRA Evaluation               ☐ To hire Attorney
                                   21 Day _____ Full

APPROVED BY THE COURT:          **"As a condition of release on bond, all defendants**
                                **will be required to submit to random screening for**
_____  **the presence of controlled substances. Refusal to**
_3-4-14_                         **submit to testing or positive test results will cause**
Judge/Coordinator  Date Signed   **bond to be revoked."**        5/2/12

CAUSE NO. _Ngchi_  CHARGE _Burg Hab_ _[F]_

*Exhibit [F]*

THE STATE OF TEXAS          §          _/83_ DISTRICT COURT

VS.                          §          OF

_Luther Ferguson_           §          HARRIS COUNTY, TEXAS
Defendant

# CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

_Jury Trial_ on _4-3-14_ at _8:30_ a.m.
Type of Setting

_____        _____
Attorney for the State             Defendant

☐ The State has offered:           _Silvia Pubchara_
                                   (Print) Attorney for Defendant

                                   _____
                                   (Signature) Attorney for Defendant

☐ The State and Defense agree as follows:

                                   _11 Greenway Plaza Ste 11c_
                                   Address

                                   _Hou        Texas     77046_
                                   City         State      Zip

                                   _16373825_
                                   Attorney Bar #        Attorney SPN #

Interpreter Requested:    Yes or No    _(713) 222-9300_  _(713) 426-1265_
Language: _____            Phone Number     Fax Number

For: _____Defendant _____Witness     _Pubcharas@yahoo.com_
Estimated Length of Assignment: _____  Email Address

---

FOR COURT STAFF USE ONLY
Reset by  ☐ Court  ☑ Defense    ☐ Operation of Law    ☐ Prosecution

☐ Attorney not present          ☐ Defendant has new case        ☐ No Tape/Lab _____
☐ D.A. to contact complainant/witness  ☐ Defendant on call       ☐ Not indicted
☐ D.A. to evaluate case         ☐ Defendant to consider offer   ☐ Other_____
☐ D.A. to Reindict              ☐ Disposition of misd./OOC case ☐ Refer to _____
☐ D.A. to file MAJ/MRP          ☐ File Unavailable              ☐ Restitution Info
☐ Defense to contact witness    ☐ MHMRA Evaluation              ☐ To hire Attorney
                                   ____21 Day ____Full

APPROVED BY THE COURT:

_____        _3-4-14_
Judge/Coordinator                Date Signed

"As a condition of release on bond, all defendants will be required to submit to random screening for the presence of controlled substances. Refusal to submit to testing or positive test results will cause bond to be revoked."  5/2/12

DEFENDANT'S COPY

Exhibit (D)

STATE OF TEXAS

~~THER~~ FERGUSON
339 LINDA VISTA
HOUSTON, TX 77028

00714109
~~2041~~
SPN: ~~714109~~ ~~00071~~   *wrong SP#*
DOB: 1/23/1966
DATE PREPARED: 3/30/2014

*Old Date 9-30-13*

D.A. LOG NUMBER: 2046019  *Change*
CJIS TRACKING NO.: 9169196958D001  *c ha*
BY: TF DA NO: 2600467  *Same*
AGENCY: SHERIFF'S DEPARTMENT
HARRIS COUNTY
O/R NO: 130135307
ARREST DATE: 9/30/2013

*Re-Indicted with the Same Arrest Date.
Change of name. * Old I~~n~~
Jason Walker*

NCIC CODE: 220205

RELATED CASES:

FELONY CHARGE: BURGLARY OF HABITATION
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO: 183
FIRST SETTING DATE: 4/3/2014

*1412 3099 wrote
# New case no in*

BAIL: ~~SNO BOND~~
PRIOR CAUSE NO: 1403243  *RID*

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, LUTHER KARL FERGUSON, hereafter styled the Defendant, heretofore on or about SEPTEMBER 30, 2013, did then and there unlawfully, with intent to commit theft, enter a habitation owned by WILLIAM EDWARD GARCIA, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

*Jason Walker Name Change ↑ to correct the prior cases*

Before the commission of the offense alleged above, (hereafter styled the primary offense), on JUNE 26, 1986, in Cause Number 429997, in the 185TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of MURDER.

Before the commission of the primary offense, and after the conviction in Cause Number 429997 was final, the Defendant committed the felony of UNLAWFULLY CARRYING A WEAPON and was finally convicted of that offense on JANUARY 20, 1995, in Cause Number 941898, in the 338TH DISTRICT COURT of HARRIS County, Texas.

*Exhibit #3*

*3.*

*New Indictment with the Change of Name. From 6 month ago Jason Walker*
*nt to William Edward Garcia*

FILED
Chris Daniel
District Clerk

MAR 31 2014
Time: 1335
Harris County, Texas
By _____ Deputy

*Art. 21.*
*See No Additional Offense*

AGAINST THE PEACE AND DIGNITY OF THE STATE. *Sign*

Foreman                    263rd

*Factuals
Stem*

CAUSE NO. 1423099

CHARGE Burg Hab I

THE STATE OF TEXAS § /8 DISTRICT COURT I

VS. § OF

Luther Ferguson § HARRIS COUNTY, TEXAS

Defendant

# CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

PTWO on 5-22-14 at 83 a.m.

Type of Setting

_____ _____
Attorney for the State                        Defendant

☐ The State has offered:                      Silvia Pobchara
                                              (Print) Attorney for Defendant

☐ The State and Defense agree as follows:     _____
                                              (Signature) Attorney for Defendant

                                              72 Greenway Plaza Ste 1100
                                              Address

                                              Houston Texas 77046
                                              City          State          Zip

                                              16370825
                                              Attorney Bar #         Attorney SPN #

Interpreter Requested:   Yes or No            (713) 227-9300   (713) 926-1263

Language: _____                    Phone Number          Fax Number

For: ____ Defendant ____ Witness              Pobchara@yahoo.com

Estimated Length of Assignment: _____        Email Address

**FOR COURT STAFF USE ONLY**

Reset by  ☐ Court   ☑ Defense   ☐ Operation of Law   ☐ Prosecution

☐ Attorney not present              ☐ Defendant has new case        ☐ No Tape/Lab _____
☐ D.A. to contact complainant/witness  ☐ Defendant on call          ☐ Not indicted
☐ D.A. to evaluate case             ☐ Defendant to consider offer   ☐ Other _____
☐ D.A. to Reindict                  ☐ Disposition of misd./OOC case ☐ Refer to _____
☐ D.A. to file MAJ/MRP              ☐ File Unavailable              ☐ Restitution Info
☐ Defense to contact witness        ☐ MHMRA Evaluation             ☐ To hire Attorney
                                    ____ 21 Day ____ Full

**APPROVED BY THE COURT:**

_____          4-22-14
Judge/Coordinator                Date Signed

"As a condition of release on bond, all defendants will be required to submit to random screening for the presence of controlled substances. Refusal to submit to testing or positive test results will cause bond to be revoked."

5/2/12

DEFENDANT'S COPY

CAUSE NO. *1423099*

CHARGE *B.H*  #J

THE STATE OF TEXAS

VS.

*Luther Ferguson*
Defendant

§

§

§

*183Rd* DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

# CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

_*Disp*_____ on _*6/17/14*_____ at *8:30* a.m.
Type of Setting

_____
Attorney for the State

☐ The State has offered:

☐ The State and Defense agree as follows:

_____
Defendant

*Silvia Pubchara*
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

*12 Greenway Plaza Ste 1100*
Address

*Hou Tx 77046*
City          State          Zip

*1C373875*
Attorney Bar #

_____
Attorney SPN #

*(713) 222-9800*
Phone Number

*(713) 426-1263*
Fax Number

Interpreter Requested: Yes or No
Language: _____

For: _____ Defendant _____ Witness
Estimated Length of Assignment: _____

_____
Email Address

---

**FOR COURT STAFF USE ONLY**
**Reset by** ☐ Court ☐ Defense ☐ Operation of Law ☐ Prosecution

☐ Attorney not present
☐ D.A. to contact complainant/witness
☐ D.A. to evaluate case
☐ D.A. to Reindict
☐ D.A. to file MAJ/MRP
☐ Defense to contact witness

☐ Defendant has new case
☐ Defendant on call
☐ Defendant to consider offer
☐ Disposition of misd./OOC case
☐ File Unavailable
☐ MHMRA Evaluation
_____ 21 Day _____ Full

☐ No Tape/Lab _____
☐ Not indicted
☐ Other _____
☐ Refer to _____
☐ Restitution Info
☐ To hire Attorney

**APPROVED BY THE COURT:**

_____
Judge/Coordinator

_____
Date Signed

*As a condition of release on bond, all defendants will be required to submit to random screening for the presence of controlled substances. Refusal to submit to testing or positive test results will cause bond to be revoked.*

5/2/12

DEFENDANT'S COPY

CAUSE NO. ~~1423099~~ _(crossed out)_  CHARGE _Burglary of A Habitation_

THE STATE OF TEXAS § _183rd_ DISTRICT COURT # _K_

VS. § OF

_Luther Ferguson_ § HARRIS COUNTY, TEXAS
Defendant

# CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

_ARR_ on _10/15/14_ at _8:30_ a.m.

Type of Setting
_Jury Trial (Pick Jury) 10/16/14_ _8:30 am_

_____    _Luther Ferguson_
Attorney for the State        Defendant

☐ The State has offered:    _Silvia Pubchara_
                            (Print) Attorney for Defendant

                            _____
                            (Signature) Attorney for Defendant

☐ The State and Defense agree as follows:

                            _12 Greenway Plaza Ste 1102_
                            Address

                            _Hou_      _TX_      _77046_
                            City       State     Zip

                            _1637 3825_
                            Attorney Bar #        Attorney SPN #

Interpreter Requested:   Yes or No
                            _(713) 333-9300_  _(713) 826-1263_
Language: _____    Phone Number       Fax Number

For: _____Defendant _____Witness    _____
Estimated Length of Assignment: _____    Email Address

---

**FOR COURT STAFF USE ONLY**
**Reset by** ☐ Court   ☐ Defense    ☐ Operation of Law    ☐ Prosecution

☐ Attorney not present        ☐ Defendant has new case        ☐ No Tape/Lab _____
☐ D.A. to contact complainant/witness    ☐ Defendant on call    ☐ Not indicted
☐ D.A. to evaluate case       ☐ Defendant to consider offer    ☐ Other _____
☐ D.A. to Reindict            ☐ Disposition of misd./OOC case  ☐ Refer to _____
☐ D.A. to file MAJ/MRP        ☐ File Unavailable               ☐ Restitution Info
☐ Defense to contact witness  ☐ MHMRA Evaluation               ☐ To hire Attorney
                                  ____21 Day ____Full

**APPROVED BY THE COURT:**

"As a condition of release on bond, all defendants
will be required to submit to random screening for
the presence of controlled substances. Refusal to
submit to testing or positive test results will cause
_____       bond to be revoked."       5/2/12
Judge/Coordinator

_____
Date Signed

**DEFENDANT'S COPY**

REPORT: DIM201    JUSTICE INFORMATION MANAGEMENT SYSTEM  TIME: 13:58
DATE: 03/31/14     D. A. INTAKE MANAGEMENT SYSTEM
           DEFENDANT DESCRIPTORS

TRANSACTION  #: 2046019    D.A. LOG #.........: (2046019)
IN CUSTODY....: Y       ID BY PRINTS ......: Y
DATE OF ARREST: (09/30/2013)   TIME OF ARREST.....: 1500

SPN #.........: 000714109   AFIS ID #.....: 791130930831
DEFENDANT NAME: FERGUSON, LUTHER KARL
ALIAS NAME....:
US CITIZEN....: Y     IF NOT US CITIZEN, INS#: 0000000000
ALIEN STATUS..:  ILLEGAL CODE:
PLACE OF BIRTH:       CITY OF BIRTH:
RACE..........: B  SEX........: M  DOB..........: 01/23/1966
MARITAL STATUS:  BUILD......: MED HEIGHT....... 507 WEIGHT: 200
HAIR..........: BLK (SKIN.......: DRK) (EYES.........: BRO)
SCARS........:

STREET #......: 7339  STREET NAME: LINDA VISTA    APT #:
CITY..........: HOUSTON STATE: TX   ZIP: 77028
PHONE.........: (713) 633 - 2338

PRIOR ARREST?.: Y FBI#: 211976EA3 STATE ID #.....: (TX03555414)
AGENCY ID#.........: SHF    SSN: 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 SO#: 0351617
ALIAS SPN NUMBER(S):
DL#.............: 08771858  DL ST: TX

IF GANG MEMBER, ENTER GANG NAME..:
MENTAL ILLNESS ..................:

IF DEFENDANT WANTED, ENTER AGENCY:
AGENCY CONTACT...................:
AGENCY PHONE.....................: (   )    -

EMPLOYER/OTHER:
EMPLOYER.....................:
OCCUPATION...................:
EMPLOYER/OTHER STREET #.....:
EMPLOYER/OTHER STREET NAME..:        APT #:
EMPLOYER/OTHER PHONE........: (   )    -

CO-DEFS: NONE

*Never Sign*
*for said.*
*Indictment*

*Date Time*

**Affirmed and Memorandum Opinion filed July 9, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00885-CR

## LUTHER KARL FERGUSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1423099**

## MEMORANDUM OPINION

Appellant Luther Karl Ferguson appeals his conviction for burglary of a habitation with intent to commit theft. *See* Tex. Penal Code Ann. § 30.02 (West 2011). In a single issue appellant argues that the evidence is insufficient to show that he committed the burglary. We affirm.

### I. BACKGROUND

Appellant was convicted of burglarizing William Garcia's house. On the day

of the offense, Myra Juarez, Garcia's neighbor, witnessed appellant coming out of Garcia's house wearing a "yellowish-greenish" safety vest. She saw appellant carrying a small appliance to a green truck that was parked in Garcia's driveway. Juarez took a picture of appellant on her cell phone because she had not seen appellant or his truck in the neighborhood before. Juarez observed appellant go back into Garcia's house once more before calling her neighbor, Kathy Perez. Perez is a member of the neighborhood board and Juarez thought Perez would know how to contact the neighborhood security guard. Juarez called Perez and sent the pictures to her.

When Perez received the pictures she looked outside and also noticed the truck that she had not seen in the neighborhood before. Perez called Jason Walker, the neighborhood security guard, and asked him to investigate the suspicious activity. After contacting Walker, Perez walked outside and saw appellant driving the truck away. Perez was still on the phone with Walker and gave him a description of the truck and driver. Perez followed appellant in her own vehicle until Walker could catch up. Perez identified appellant as the person she had seen fleeing from Garcia's house.

When Walker received the photos he drove to the area where Perez reported seeing appellant. Walker followed appellant to a commercial area where appellant lost control of his vehicle, and hit a light pole. After the accident, appellant jumped out of the vehicle and started to run away. Perez saw appellant hiding in the bushes and told Walker where to find him. Walker testified that as appellant was running away he had the safety vest in his hand. Walker eventually detained appellant, and held him until Harris County Sheriff's deputies arrived. Walker was unable to identify appellant in person, but identified a photo of appellant as the person he apprehended.

2

When Harris County Sheriff's deputy Ken Price arrived on the scene, he asked appellant for identification. Appellant identified himself as Luther Ferguson.

Garcia testified that as he drove home that day he saw Perez and Walker standing next to a truck on the side of the road. When he arrived home he saw that his home had been burglarized. Thinking that Walker may have caught the burglar, Garcia drove back to the area where he had seen Walker with the truck. Garcia looked in the bed of the truck and recognized television sets, a jar with coins, a microwave, a stereo, and his children's shoes. Garcia identified the items as having been stolen from his house.

A jury convicted appellant of burglary of a habitation and the trial court assessed punishment at confinement for 45 years in the Institutional Division of the Texas Department of Criminal Justice.

## II. SUFFICIENCY OF THE EVIDENCE

In a single issue appellant argues the evidence was insufficient to prove beyond a reasonable doubt that appellant knowingly and intentionally committed the burglary.

### A. Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Matlock v. State*, 392 S.W.3d 662, 673 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational factfinder could have found

the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *see also Jackson*, 443 U.S. at 319. The jury is the exclusive judge of the credibility of witnesses and the weight to be given to the evidence. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence. *Id.* We draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

### B. Applicable Law

To prove the offense of burglary of a habitation, the State must show (1) the accused (2) without the owner's consent, (3) entered a habitation, (4) with intent (5) to commit a felony, theft, or assault. *See* Tex. Penal Code Ann. § 30.02(a)(1). The sufficiency of the evidence is determined from the cumulative effect of all the evidence; each fact in isolation need not establish the guilt of the accused. *Roberson v. State*, 16 S.W.3d 156, 164 (Tex. App.—Austin 2000, pet. ref'd).

### C. Analysis

Appellant concedes that the evidence supports the jury's finding that an individual entered Garcia's house without his consent and took his property. Appellant argues that the evidence is insufficient to prove that he was the individual who burglarized Garcia's house.

Juarez testified that she saw a man coming out of Garcia's house carrying a small appliance. She noted that the man was wearing a safety vest and driving a green truck. She took a picture of the man and sent the picture to Perez. On cross-examination, defense counsel questioned Juarez's identification of appellant suggesting that she identified him as the burglar because he was sitting at counsel table. Juarez disagreed with appellant's counsel, and stated that she remembered

4

appellant from the day she saw him coming out of Garcia's house. Perez also saw appellant, called the neighborhood security guard, and followed appellant as he drove away in the green truck. Both Juarez and Perez identified appellant as the man they saw coming out of Garcia's house. Perez identified appellant as the man driving the truck away from Garcia's house, and identified appellant as the man who jumped out of the truck when it hit the light pole. Garcia identified the items found in the truck appellant was driving as the items that were taken from his house.

The testimony of a single eyewitness can be enough to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The jury alone decides whether to believe eyewitness testimony, and the jury alone resolves any conflicts or inconsistencies in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).

Appellant argues the evidence is insufficient because (1) Juarez did not have enough time to observe appellant to make a proper in-court identification; (2) Walker only identified appellant from a photograph; (3) Price did not witness the burglary; and (4) Garcia could not identify appellant. Appellant's first two arguments attack the credibility of the eyewitness's testimony, not its sufficiency; witness credibility, however is solely within the province of the jury. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997); *Criff v. State*, 438 S.W.3d 134, 138 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Moreover, the fact that Price and Garcia did not witness the burglary does not bear weight on the sufficiency of Juarez's and Perez's eyewitness identification.

Two eyewitnesses positively identified appellant as the man they saw exiting Garcia's house. Garcia identified the items found in the back of the truck appellant

5

was driving as items that were taken from his house. Viewing the evidence in a light most favorable to the verdict, a reasonable jury could have concluded that appellant was the individual who burglarized Garcia's house. The evidence is sufficient to support appellant's conviction. Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/    William J. Boyce
Justice


Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

LUTHER KARL FERGUSON

TDC# 01961670

MICHAEL UNIT F-1-24-B

2664 FM 2058

TENNESSEE COLONY, TEXAS 75886

H-F-24-B

DEADLINE: DEC 9, 2015

'P.D.R'

CLERK, ABEL ACOSTA

ATT: COURT OF CRIMINAL APPEALS

P.O. BOX 12308 AUSTIN, TX 78711

COA CASE NO. 14-14-00885- CR

Tr,CT NO 1423099       PD-0947
                        -15



'' Legal
Ma-